# Supreme Court of Florida

_____

No. SC19-185

_____

**IN RE:  STANDARD JURY INSTRUCTIONS IN CIVIL CASES AND STANDARD JURY INSTRUCTIONS IN CONTRACT AND BUSINESS CASES—JOINT REPORT NO. 19-01.**

August 29, 2019

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Civil Cases and the Supreme Court Committee on Standard Jury Instructions in Contract and Business Cases (Committees) have submitted a proposed new model verdict form to be included in section 451 of their respective sets of standard jury instructions pertaining to Fiduciary Duty and ask that the Court authorize the proposed verdict form for publication and use.  This Court has jurisdiction.  *See* art. V, § 2(a), Fla. Const.

The Committees propose new verdict form 451.14 (Model Form of Verdict for Breach of Fiduciary Duty) to accompany instructions 451.4 (Existence of Fiduciary Duty Disputed) and 451.5 (Breach of Fiduciary Duty).  The Committees

published the proposed verdict form in the September 1, 2018, issue of *The Florida Bar News*. No comments were received.

Having considered the Committees' joint report and joint supplemental report, we modify the proposed verdict form and authorize the modified form for publication and use. The Court modifies question one of the Committees' proposed verdict form to more closely track instruction 451.4 (Existence of Fiduciary Duty Disputed), which instructs the jury regarding the factual question of whether a fiduciary relationship has been established. *See Gracey v. Eaker*, 837 So. 2d 348, 354 nn.7, 9 (Fla. 2002) ("The existence, *vel non,* of a duty is a question of law and is appropriate for an appellate court to review. . . . [Whether] a fiduciary relationship was formed [is a] determination[] . . . for the finder of fact to make at trial.").

Having considered the Committees' reports, the Court authorizes the verdict form, as modified and as set forth in the appendix to this opinion, for publication and use. New language is indicated by underlining. In authorizing the publication and use of this verdict form, the Court expresses no opinion on its correctness and reminds all interested parties that this authorization forecloses neither requesting an additional or alternative verdict form nor contesting the legal correctness of the verdict form. The Court further cautions all interested parties that any Notes on Use associated with the proposed verdict form reflect only the opinion of the

Committees and are not necessarily indicative of the views of this Court as to their correctness or applicability. The verdict form as set forth in the appendix shall be effective when this opinion becomes final.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, LAGOA, LUCK, and MUÑIZ, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions — Civil Cases and Contract and Business Cases

Honorable Paul Lee Huey, Chair, Supreme Court Committee on Standard Jury Instructions in Contract and Business Cases, Tampa, Florida; Laura K. Whitmore, Chair, Tampa, Florida, and Jeffrey Alan Cohen, Vice Chair and Subcommittee Chair, Supreme Court Committee on Standard Jury Instructions in Civil Cases, Miami, Florida; and Joshua E. Doyle, Executive Director, Mikalla Andies Davis and Heather Savage Telfer, Bar Liaisons, The Florida Bar, Tallahassee, Florida,

for Petitioner

## APPENDIX

## FORM 451.14  MODEL FORM OF VERDICT FOR BREACH OF FIDUCIARY DUTY

**We, the jury, return the following verdict:**

**1.      Did a relationship exist between** (claimant) **and** (defendant) **in which** (claimant) **put [his] [her] [its] trust in** (defendant) **to protect** (claimant's) **[financial or property interests] [secrets] [confidences] [private information] and** (defendant) **accepted that trust?**

**YES** _____ **NO** _____

**If your answer to question 1 is YES, proceed to question 2. If your answer to question 1 is NO, your verdict is for** (defendant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom.**

**2.      Did** (defendant) **breach a fiduciary duty owed to** (claimant) **that was a legal cause of damage to** (claimant)**?**

**YES** _____ **NO** _____

**If your answer to question 2 is YES, your verdict is for** (claimant) **on this claim, and you should proceed to question 3. If your answer to question 2 is NO, your verdict is for** (defendant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom.**

**3.      What is the total amount of damage sustained by** (claimant)**?                          $ _____.**

**SO SAY WE ALL, this _____ day of _____, 2 _____.**

_____
**FOREPERSON**

NOTE ON USE FOR FORM 451.14

- 4 -

1.     Question 1 should be given only if necessary. If there is no dispute as to existence of the fiduciary duty, question 1 should not be given.